UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 23-cv-3827 (KMM/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, Jo Ann Erickson, and William Bolin, | |
| Defendants. | |

This matter is before the Court on Plaintiff Tony Dejuan Jackson's Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 11). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 on these Motions. For the following reasons, the Court recommends that Mr. Jackson's motion be denied.

## BACKGROUND

The Court received Mr. Jackson's original Complaint on December 18, 2023 (Doc. 1), and his Amended Complaint on March 21, 2024 (Doc. 32). Mr. Jackson is incarcerated at the Minnesota Correctional Facility located in Bayport, Minnesota ("MCF-Stillwater"). (*Id.* ¶ 1.) His Amended Complaint names three defendants: Paul Schnell, Commissioner of the Minnesota Department of Corrections ("MNDOC"), Jo Ann Erickson, Education Director at MCF-Stillwater, and William Bolin, MCF-Stillwater's warden. (*Id.* at 1.) Brought under 42 U.S.C. 1983 as a putative class action, Mr. Jackson alleges in his

pleadings that Defendants have conspired for their own financial gain, and with racial animus, to deprive him of access to technology—such as a computer in his cell, access to the internet, and access to the law library—in violation of his First and Fourteenth Amendment rights under the United States Constitution. (*See e.g.*, *id.* ¶¶ 1, 4, 5, 8, 10, 102, 105, 124, 126.)[1] He claims that because of these discriminatory deprivations, he is being subjected to conditions of confinement that pose a danger to his physical and mental health, interfere with his rehabilitation efforts, and unlawfully limit his access to the courts. (*See, e.g.*, *id.* ¶¶ 7, 9, 20–22.) In particular, he claims that Defendants' actions are intentional retaliation against him for filing another federal case, *Jackson v. Schnell et al.*, No. 22-cv-3074 (KMM/DLM). (*See, e.g.*, *id.* ¶¶ 23–28, 32, 88, 111.) For these alleged violations of his constitutional rights, he seeks declaratory and injunctive relief, a temporary restraining order, and $1.5 million in punitive damages from each Defendant. (*Id.* ¶¶ 13, 127–28.)

On February 22, 2024, Mr. Jackson moved for a temporary restraining order and a preliminary injunction now before the Court. (Doc. 11.) In his motion, he asks the Court to issue an order prohibiting Defendants from enforcing any regulations, practices, or procedures that limit his First Amendment rights. As justification for his motion, he claims he needs to respond to a motion filed by defendants in *Jackson v. Schnell et al.*, No. 22-cv-3074 (KMM/DLM), but that he and others similarly situated to him are being restricted from accessing legal research materials and storage. This lack of access, according to Plaintiff, prevents them from litigating their claims before the courts. He contends there

---

[1] Mr. Jackson's amended complaint is 48 pages with many detailed allegations, and the Court includes only a general summary of Mr. Jackson's primary allegations here.

are only seven computers in the law library which he can access only three times a month, by appointment only, and only if his facility is not on lockdown. He also claims he is restricted from having a laptop in his cell and from accessing social media. Mr. Jackson argues he will be irreparably harmed absent a temporary restraining order and preliminary injunction to prevent the enforcement of these restrictions for two reasons: first, because he risks dismissal for untimely responses in *Jackson v. Schnell et al.*, No. 22-cv-3074 (KMM/DLM), and second, because of the ongoing deprivation of his constitutional rights. He argues his motion and the underlying conduct complained of in his amended complaint are related, that he is likely to succeed on the merits of his amended complaint, and that the relief he seeks will serve the public interest. Defendants oppose Plaintiff's motion, arguing that Mr. Jackson has not set forth specific reasons that would merit a grant of such extraordinary relief. (Doc. 28.)

## DISCUSSION

A preliminary injunction is issued to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (citing *Dataphase Sys., Inc., v. C L Sys., Inc.*, 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc)). In determining whether a preliminary injunction should issue, courts should consider "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict upon other parties; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Dataphase*, 640 F.2d at 114). "The burden of proving

3

that a preliminary injunction should be issued rests entirely with the movant." *Id.* Additionally, a preliminary injunction is an extraordinary remedy, and "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotation marks omitted).

Mr. Jackson's motion appears to relate to *Jackson v. Schnell et al.*, No. 22-cv-3074 (KMM/DLM), and more specifically, to Orders for responses related to a pending motion for summary judgment brought by Defendants in that matter (*id.*, Docs. 77 (Order for Plaintiff to respond to Defendants' request to file an early summary judgment motion); 82 (Order setting the briefing deadlines for Defendants' early summary judgment motion); 83 (Defendants' motion)). Although Mr. Jackson claims his ability to litigate his case is being impeded by prison staff, Mr. Jackson has been able to file responses to that matter. For example, after the Court ordered him to provide his position on Defendants' request for permission to file an early summary judgment motion, Mr. Jackson did so. (*Id.*, Doc. 80). Likewise, when the Court set a briefing schedule for Plaintiff's response to Defendants' summary judgment motion, Mr. Jackson successfully sought an extension because of the lockdown of his facility (*id.*, Docs. 88 (Plaintiff's letter seeking an extension), 89 (the Court's Order granting him an extension)), followed by a memorandum opposing Defendants' summary judgment motion (*id.*, Doc. 90). In the present action, there is also sufficient evidence that Mr. Jackson has been able to litigate the case: after filing this motion seeking preliminary relief, he has since filed a Motion to Amend the Pleadings (Docs. 30, 31), and the Amended Complaint (Doc. 32).

4

No threat of irreparable harm thus appears present on these records. *Accord Fiorito v. Fikes*, No. 22-cv-0512 (WMW/HB), 2022 WL 2276734, at *3 (D. Minn. May 23, 2022), *R. & R. adopted*, 2022 WL 2275866 (D. Minn. June 23, 2022). When no threat of irreparable harm is present, the Eighth Circuit has held no preliminary injunction order should issue. *Dataphase*, 640 F.2d at 114 n.9. Therefore, because the Court finds that Mr. Jackson has failed to allege anything in his motion that would suggest an imminent risk of irreparable harm to his ability to prosecute this civil action—or *Jackson v. Schnell et al.*, No. 22-cv-3074 (KMM/DLM)—or to benefit fully from any relief that may be awarded, it recommends that the Court deny his motion seeking preliminary relief.

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that:

1) Plaintiff Tony Dejuan Jackson's Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 11) be **DENIED**.


DATED:  March 26, 2024              *s/Douglas L. Micko*
                                    DOUGLAS L. MICKO
                                    United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written

objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).