**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tony Dejuan Jackson,<br><br>    Plaintiff,<br><br>v.<br><br>Paul Schnell, Commissioner of Minnesota Department of Corrections; Jo Ann Erickson, Education Director Stillwater Close Custody Level Four Correctional Facility; and William Bolin, Warden Stillwater Close Custody Level Four Correctional Facility;<br><br>    Defendants. | No. 23-cv-3827 (KMM/DLM)<br><br>**ORDER** |

*Plaintiff's Objections to Report and Recommendation*

Before this Court is the Report and Recommendation ("R&R") issued by United States Magistrate Judge Douglas L. Micko on January 13, 2025. R&R (Dkt. No. 79). The R&R recommends that Plaintiff Tony Dejuan Jackson's third Motion to Amend or Supplement Pleadings (Dkt. No. 73) be denied as futile; Mr. Jackson's Motion for Preliminary Injunction (Dkt. No. 74) be denied; Defendants' Motion to Dismiss (Dkt. No. 45) be granted; and Mr. Jackson's First Amended Complaint (Dkt. No. 32) be dismissed with prejudice.

Mr. Jackson objects to the R&R. (Dkt. No. 88). The Court has conducted a *de novo* review of the matters addressed in the R&R. 28 U.S.C. § 636(b)(1); *see also Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (explaining that the Eighth Circuit has "emphasized the

1

necessity . . . of retention by the district court of substantial control over the ultimate deposition of matters referred to a magistrate judge"); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (indicating that district courts should "liberally construe[]" objections in *pro se* cases). To that end, the Court has carefully reviewed not only the R&R itself and Mr. Jackson's objections, but the underlying briefing on all the motions addressed in the R&R and the substance of Mr. Jackson's pleadings.[1] Based on that *de novo* review, the Court agrees with Judge Micko's analysis of the issues. Repeating that analysis in different words will add nothing and the Court finds it unnecessary to engage in a lengthy discussion in this Order. Mr. Jackson's objections to the R&R are overruled, and the Court accepts the R&R in full. In addition, the Court denies as moot Mr. Jackson's motion for an extension of time to file objections to the R&R (Dkt. No. 82), a request the Court had already granted before the written motion arrived (Dkt. No. 81).

### Fourth Motion to Amend

The Court has also considered Mr. Jackson's latest motion to amend (Dkt. No. 85) and his Proposed Second Amended Civil Complaint (Dkt. No. 85-1). Mr. Jackson's request for leave to amend is denied for three reasons. First, through his proposed amendment Mr. Jackson tries yet again to inject allegations into this case that occurred long after he filed his First Amended Complaint (Dkt. No. 32) on March 21, 2024. *E.g.*, Dkt. No. 85-1 ¶¶ 13–15 (discussing events in December 2024 and January 2025), 40–45 (discussing

---

[1] *See, e.g.*, Dkt. Nos. 32 (First Am. Compl.), 46 (Mem. in Supp. of Mot. to Dismiss), 53 (Resp. in Opp'n to Mot. to Dismiss), 54 (Exhibit re Dkt. No. 53), 73 (Third Mot. to Amend and Proposed Second Am. Compl.), 74 (Mot. for Prelim. Inj.), 75 (Exhibit re Dkt. No. 74), 78 (Mem. in Opp'n to Mot. for Prelim. Inj.).

events in September 2024). A district court may allow a supplemental pleading raising matters that occurred "after the date of the pleading to be supplemented," but it must do so "on just terms." Fed. R. Civ. P. 15(d). Here, allowing Mr. Jackson to bring claims based on matters that transpired long after the events that led to the filing of this suit and that are included in his operative First Amended Complaint would not be just. His new allegations suffer from the same problems discussed in the R&R that support dismissal of his First Amended Complaint and the denial of his third motion to amend. Most notably, his new allegations fail to demonstrate that the lone named Defendant in his proposed Second Amended Complaint, DOC Commissioner Paul Schnell, was personally involved in any unconstitutional conduct. Indeed, the overarching theme of these new allegations is that Plaintiff seeks to hold Commissioner Schnell liable simply based on his supervisory role, not because he allegedly deliberately ignored a known unconstitutional practice. *See Glick v. Sargent*, ,696 F.2d 413, 414 (8th Cir. 1983).

Second, the Court notes that Mr. Jackson is subject to a filing restriction that prevents him from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer of this District. *Jackson v. Schnell*, No. 23-cv-366 (PJS/DTS), Dkt. No. 16 at 2 (D. Minn. May 24, 2023). Mr. Jackson has accumulated three "strikes" under 28 U.S.C. § 1915(g). *See Jackson v. Schnell*, No. 22-cv-695 (WMW/JFD), 2022 WL 17418038, at *1 n.2 (D. Minn. Aug. 19, 2022). As a result, he can only pursue a new case as a pro se litigant with *in forma pauperis* status if he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Some of Mr. Jackson's new allegations concern alleged inability to fit all his legal materials in an

3

undersized bin (Dkt. No. 85-1 ¶ 14) and insufficient access to legal mail (*id.* ¶ 45). Neither of these allegations involves imminent danger of serious physical injury, so allowing him to inject those allegations into this case would end-run his filing restriction.

Finally, it appears that Mr. Jackson's current proposed Second Amended Complaint largely repeats both the allegations found in the proposed amended pleading that he submitted with his third motion to amend, and the allegations in his First Amended Complaint. Because these allegations have already been addressed by Judge Micko's analysis and through this Court's *de novo* review and acceptance of the R&R, the Court finds that Mr. Jackson's current proposed amendment is futile as well.

### *Motion to Consolidate and Appoint Counsel*

Mr. Jackson has also filed a motion (Dkt. No. 84) seeking to consolidate this action with another case he has filed in this District—*Jackson v. Schnell, et al.*, No. 24-cv-3334 (NEB/LIB)—and for appointment of counsel. The Court finds consolidation of these two matters inappropriate given that there is currently pending a recommendation from United States Magistrate Judge Leo I. Brisbois that Case No. 24-cv-3334 be dismissed. *Jackson*, No. 24-cv-3334, Dkt. No. 10 (Oct. 14, 2024). Judge Brisbois also recommended denial of a request to consolidate that Mr. Jackson filed in that matter in light of his recommendation of dismissal. *Id.*, Dkt. No. 10 at 17. And because the Court finds dismissal of *this case* appropriate and that Mr. Jackson's latest attempt at amendment of his complaint is futile, the Court finds that appointment of counsel would not be appropriate at this time.

Accordingly, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation (Dkt. No. 79) is **ACCEPTED**.

4

2. Plaintiff's Motion for Extension of Time (Dkt. No. 82) is **DENIED AS MOOT**.

3. Plaintiff's Motion to Consolidate and Appoint Counsel (Dkt. No. 84) is **DENIED**.

4. Plaintiff's Objections (Dkt. No. 88) are **OVERRULED**.

5. Plaintiff's Motions to Amend or Supplement Pleadings (Dkt. Nos. 73, 85) are **DENIED**.

6. Plaintiff's Motion for Preliminary Injunction (Dkt. No. 74) is **DENIED**.

7. Defendants' Motion to Dismiss (Dkt. No. 45) is **GRANTED**.

8. Plaintiff's Amended Complaint (Dkt. No. 32) is **DISMISSED** in its entirety with prejudice.

**Let Judgment be entered accordingly**.

Date: March 24, 2025                    *s/Katherine Menendez*
                                         Katherine Menendez
                                         United States District Judge

5